[SUNBURY, JULY 3, 1829.]

LLOYD *against* NOURSE and Wife.

IN ERROR.

It is a good cause of principal challenge to a juror, that he has formerly acted as an arbitrator in the same cause.
In an action of trespass for the mesne profits, the title of the plaintiff, who has recovered in ejectment, cannot be disputed.

ERROR to the Court of Common Pleas of *Northumberland* ·county.

*Joseph Nourse,* and *Caroline,* his wife, after recovery in ejectment, brought an action of trespass *vi et armis,* against *William . A. Lloyd,* defendant in the ejectment, to recover the mesne profits. · On calling the jury, to try the issue, one of them was challenged by the plaintiffs, because he had been an arbitrator in a former ejectment, brought by the same plaintiffs, against one *Joseph Cake,* for the same land.   The challenge was allowed, and the defendant's counsel took a bill of exceptions.

After the plaintiffs' evidence had been gone through, the defendant offered to prove, that he had a better title to the land than the

(Lloyd *v.* Nourse and Wife.)

plaintiffs. The evidence was objected to, and overruled by the court, who sealed another bill of exceptions.

A writ of error was sued out, and *J. Hepburn* and *Bellas*, assigned for error, 1. The sustaining the challenge to the juror; and, 2. Rejecting the evidence offered by the defendant, of a superior title to that of the plaintiffs. They contended, that the objection to the juror might be a ground of challenge to the favour, but not of principal challenge. *Pipher* v. *Lodge*, 16 *Serg. & Rawle*, 219. *Luffborough* v. *Parker*, 16 *Serg. & Rawle*, 351. They referred to 3 *Bac. Ab.* 351, to show the general rules on which one or the other of these challenges is to be taken. In *Harper* v. *Kean*, 11 *Serg. & Rawle*, 280, it was held, to be no exception to a juror, that he had been examined as a witness before arbitrators in the same cause; and, in 8 *Durell* v. *Mosher*, 8 *Johns. Rep.* 347, it was held, to be no objection that the juror had previously declared an opinion.

*Greenough* and *S. Hepburn*, for the defendants in error, justified the allowance of the challenge, and contended, that the objection to the juror was stronger than to a grand juror, who is never allowed to sit as a traverse juryman on the trial of the party against whom he had concurred in finding a bill. In *Irvine* v. *Kean*, 14 *Serg. & Rawle*, 292, it was held a good cause of challenge to a juror, that he had voluntarily declared, he had heard the evidence on a former trial of the same cause, and had made up his mind.

The opinion of the court was delivered by

SMITH, J.—The plaintiff in error was defendant below, in an action of trespass *vi et armis*; for the mesne profits of certain property, which the defendants in error had recovered from him in an action of ejectment. The action of trespass was tried on the 20th of *November*, 1828, when a verdict was rendered for the plaintiffs against the defendant, for four hundred and sixteen dollars and five cents damages, and judgment thereon was duly entered. At the trial, two bills of exceptions were taken by the defendant below, and on these, errors are here assigned:—

The *first* is, that the court erred in sustaining the challenge to *Charles Gale*, a juror.

And the *second*, that the court erred in *rejecting* the evidence offered by the defendant, of a superior title to that of the plaintiffs.

The *first* error assigned, alone merits attention. It appears, that *Charles Gale*, who had been summoned a juror, was called, and challenged for cause, by the plaintiffs, because he had been *an arbitrator* in the action of ejectment, brought by *William A. Lloyd*, against *John Cake*, to *November* Term, 1826, in the Court of Common Pleas of *Northumberland* county, for the land, from which the mesne profits were claimed in this suit; and had signed an award in favour of *William A. Lloyd*. This challenge was objected to, as insufficient in law to prevent the juror from being sworn to try

(Lloyd *v.* Nourse and Wife.)

the issue in this case. The court overruled the objection, and allowed the challenge of the plaintiffs. This is the *first* error. It did not escape the discernment of the legislature, when they formed our jury system, (which is peculiar to this state, and the state of *New York,*) that it was necessary, in order to secure a free, independent, and impartial administration of justice, that jurors should not only be exempt from all objections of interest, but even from any supposed bias; and, hence, in the various qualifications required, we so evidently see their anxiety to guard, as much as possible, against selecting, or returning as jurors, persons, who might be considered, not impartial or judicious men. In the case before us, the juror, who was challenged, had decided the title to the land, in favour of *William A. Lloyd;* and signed an award, now on record, solemnly declaring his opinion. The law presumes, that a man, who has made up his mind, especially if he has declared it under his name, and placed it on record, will not be so perfectly impartial, as a juror ought to be. In the case of *Durell* v. *Mosher,* 8 *Johns.* 445, relied on by the plaintiff in error, it was objected to a juror, that he had said, in *a conversation* about the controversy, that the defendant was wrong, and the plaintiff was right; and it was held no objection, because he had given no *decided* opinion on the merits of the cause. It will be readily seen, that the case referred to, does not decide the one under consideration; because, here, the juror had not merely expressed an opinion, but had given a decided opinion, under the solemnities of an oath, on the merits of the cause; and, this too, after he had heard and examined all the testimony. It was not reasonable to suppose, that no bias remained on the mind of the juror, or that it was likely he would give any damages, or fair damages, for the occupation of the land. We think, therefore, that he did not stand, as he ought to have done, unbiassed, and that he was properly challenged. This case is, in my opinion, stronger than that of a grand juror, who has found an indictment, on hearing the testimony on one side only; but, he would not be suffered to sit as a traverse juror, on the trial of the defendant in that indictment. There was, in our opinion, no error in rejecting the juror.

As to the offer of the defendant, to prove his title to the premises, which, he alleges, was superior to that of the plaintiffs, it is not necessary to say any thing. The decision was right. The judgment is therefore to be affirmed.

Judgment affirmed.