[SUNBURY, JULY 3, 1829.]

MILLER *against* HOWER.

IN ERROR.

Part performance will take a parol contract out of the statute of frauds. A verdict in debt, finding no specific sum, is void.

ERROR to the Court of Common Pleas of *Columbia* county.

Debt on a single bill, which came before the court below, on an appeal from the judgment of a justice of the peace.

On the trial, a verdict was given in favour of the plaintiff, but for no specific sum. It will be seen, by reference to the opinion of this court, that the facts came up so obscurely and indistinctly, as to render it difficult to decide on the merits; but that, if the verdict had been correctly entered, the judgment below would have been affirmed.

*Frick*, was concerned for the plaintiff in error, and *Grier*, contra.

The opinion of the court was delivered by

HUSTON, J.—This case came up on the writ, statement, pleas, charge of the court, and verdict and judgment; and errors were assigned to the charge of the court, and to the verdict and judgment. The evidence, which was principally parol, was not part of the record. There are few cases in which an abstract principle of law is disputed. The contest is, generally, whether the facts and circumstances of the case bring it within the principle; or, when the first general view of the facts would seem to bring it within the effect of a settled principle, whether there is not some fact or circumstance, which will make it an exception. Hence, generally, the charge of the court is, by the judge given, and by the jury, understood, as

(Miller *v.* Hower.)

applicable to the case trying; but, when the charge is brought under revision, and the superior court has not before it the facts to which it was applied, it is often difficult to decide whether there was error in the law, as stated to the jury, or not. And, perhaps, the safe rule to be adopted, and the one most consonant to the principles of our system, is, to consider the charge as correct, if there is any colour for supposing it to have been applied to a case in which it would be agreeable to law. In some districts, judges have refused to put their charge on the record, until the evidence to which it is applied is made out by the party objecting, and submitted to the counsel of the adverse party, and agreed to be correct; and, if the counsel do not agree, the testimony is settled as correct, by the judge. But, as this gives some trouble to counsel, it is often, and in some districts almost always, omitted. We are, then, to take the facts as stated in the charge; but, this does not generally purport to give even a full abstract of all the evidence; and then we have, what occurred in this case, the statements of counsel—not always agreeing, in every respect, with each other, or with what little part of the evidence is referred to in the charge.

As far as I could ascertain, this cause presented something like the following case: *S. Hower* and *William Scott* were brothers-in-law of the defendant below, *G. Miller*. For some cause, he, *Miller*, had given several notes, which being the property of *Hower* and *Scott*, were divided between them. *Hower* brought suit, and obtained judgment, for a part of his notes, about 1821 or 1822. The defendant alleged, and proved, that he and *Scott* agreed, that he, *Miller*, was to convey to *Scott* a certain quantity of land, which *Scott* agreed to accept, in discharge of his notes on *Miller*. That, after this, *Scott* refused to comply with the bargain, unless *Miller* would give an additional quantity of land, and *Miller* agreed to do so. So far, the judge says, was admitted to be the case, by both parties. Whether *Scott* at this time took possession, and retained it, did not appear; the charge says nothing as to this fact; and the counsel positively differ. At this time, in 1821, *Hower* had a judgment, which bound *Miller's* land; and, to enable *Miller* to make the deed to *Scott*, *Miller* gave *Hower* a mortgage on other lands, to secure the amount of his judgment; but satisfaction was not entered on the judgment, and the parties, ignorantly supposing it was extinguished by the mortgage, immediately on giving the mortgage to *Hower*, *Miller* made and tendered a deed to *Scott*, for the land sold and surveyed off to him. This he refused to accept; and, at the trial, alleged *Hower's* judgment as an incumbrance. It is said, we know not whether correctly, or not, that at the time he objected for a very different reason, and that, if this objection had been made, *Hower* would have at once entered satisfaction, or released; but no evidence is before us on this point.

After this, as *Scott's* notes fell due, he sued one, and got a judgment by default against *Miller*. A second became due; he sued it,

(Miller *v.* Hower.)

and *Miller* confessed judgment on it. *Scott* levied an execution on one of these judgments on the land set out for him by *Miller,* a deed for which he had refused, and bought it for a sum less than the amount of one of the notes. The present suit was on another of *Miller's* notes, which had been allotted to *Scott;* and the defence attempted was, the contract to take land for the whole four notes; and that it had been measured off for him, possession taken, and a deed tendered. *Scott* then gave in evidence *Hower's* judgment, as an incumbrance, which justified him in refusing the deed; and alleged, the whole contract was rescinded, by the consent of both parties; and, as evidence of it, showed the judgment by default, and the judgment confessed by *Miller,* on another note; and, to be sure, this was very strong evidence that *Miller* considered the contract about the land at an end;—for why confess judgment on a note which was paid, if the present defence is true? *Miller* then showed a release of *Hower's* judgment, executed in 1824; and reciting that the judgment was satisfied in 1821, &c. The judge left the question, whether the bargain was rescinded, to the jury.

Although a contract about the sale of land is fully agreed to in all its details, and a time and place appointed to draw the conveyance, yet one of the parties may change his mind, and for no other reason refuse to execute the conveyance, or to accept it, and pay for the land. And, if this were not so, the statute of frauds, so far as it relates to lands, would be idle, or perhaps absurd. But, although this is true, as an abstract proposition, it is not universally true, under all circumstances; for, if the vendee take and keep the possession; if, in consequence of the contract, the vendor go to trouble and expense, to enable him to complete his title; if he sells, to enable himself to pay his debts, and the vendee gets his property into his possession, and disables him from selling to others; in short, if he makes frivolous excuses for not complying, until he gets the vendor entangled in difficulties, for the dishonest purpose of getting the same land at an undervalue, the law may be otherwise, and he may be held bound by a parol contract; which has been partly carried into effect by the other party, by delivering possession, &c. and which the vendee evaded, for an improper purpose, though he still retained the possession. I do not say that there is evidence of such conduct, by *Scott,* in this case; we only know, in this court, a part of these transactions. On the facts stated, in the charge of the court, there is no error in the charge; it is, however, apparent, that the question, whether possession was given to *Scott,* and retained by him, is a most material one; but it is not a ground for reversing, except in a very singular case, that the judge did not advert to every point in the cause, unless counsel have requested an opinion on the point omitted.

But there is another point, on which this cause must be remanded. The action was debt, on a single bill. The jury found a verdict for the plaintiff—no sum in favour of the plaintiff is found. It is use-

(Miller *v.* Hower.)

less to talk about judgment for default of plea, or by *nil dicit*, &c. There, a writ of inquiry will ascertain the sum, or it may be done by the officer of the court; but who ever heard of a writ of inquiry of damages, or the sum being ordered to be ascertained by a prothonotary, after a jury sworn at the bar, trying the cause, and giving a general verdict? It may appear, at first view, a formal or technical objection; but, if tolerated, it would render nugatory an important clause of our act about defalcation; which expressly says, that if any part be paid, it shall be defalked, and the plaintiff shall have judgment for the residue only. It would change our whole system, and render a jury useless, in more than half the suits in court. It is admitted, such a verdict would not have been received, if it had not been given at a time when the President was absent.

Judgment reversed, and a *venire facias de novo* awarded.