JAMES H. HARRELL, ADM'R, v. J. B. BABB AND ANOTHER.

A general verdict for the plaintiff in a suit on an account, will not authorize a judgment for the amount claimed ; especially in cases commenced in a Justice's Court.

Appeal from Rusk.  Tried below before the Hon. Charles A. Frazer.

There was no statement of facts or bill of exceptions.  The entries on the Justices Docket commenced,

" Action on account for, - - - - - - - - $80 50
              Cr. by - - - - - - - - - - -    33 50
                                            ――――――
                                             $47 22

The other facts are stated in the Opinion.

*M. Casey*, for appellant, cited 3 Thomas' Coke, 393 (495*;) Miller v. Howe, 2 Rawle, R. 53 ; Deihl v. Evans, 1 Serg. & Rawle, R. 367 ; Mays v. Lewis, 4 Tex. R. 38.

*M. D. Graham* and *W. Stedman*, for appellee, cited Hart. Dig. Art. 769 ; Barton v. Bondies, 2 Tex. R. 203 ; Hamilton v. Ward, 4 Id. 357.

HEMPHILL, CH. J.   This was an action by the appellees, who were plaintiffs below, against the deceased intestate of the appellee, for a carpenter's account, amounting, as stated in the Record from the Justice's Court, to   - - - - $80 50
              Cr. by   - - - - - - - - - - -   33 50
                                            ――――――
                                             $47 22

This is not exact by some cents, but is copied literally from

the transcript.   The Justice gave the plaintiffs judgment for forty-seven dollars 22-100.   A new trial was granted, and a jury being impanneled, found for the plaintiffs the sum of forty seven dollars and twenty-two cents, subject to deduction for lumber from Rudd.   The cause being removed by *certiorari* to the District Court, the jury returned a verdict as follows : We, the jury, find for the plaintiffs, and that the defendant pay the costs in the Court below as well as the Court above. Upon this verdict, judgment was entered against the defendant and his sureties for the sum of " Forty-seven dollars and twenty- " two cents, assessed by the jury as aforesaid, with ten per cent " damages," &c.

The defendant moved to set aside the judgment, as not authorized by the verdict.   The plaintiffs moved to amend the verdict and judgment.

The motion to set aside the judgment was regarded as a motion for a new trial, and was overruled ; and the only question before this Court is, whether the verdict was sufficiently certain to authorize the judgment which was entered.

This was an open account, an unliquidated demand, and which, in the opinion of the jury that tried the cause before the magistrate, was subject to some deduction.   The suit was contested, and the jury could find—and so they were instructed—only such amount as was proven to be due.   If the demand had been liquidated, it is doubtful whether a general verdict for the plaintiffs would be good, especially in cases before a magistrate, where offsets and deductions may not be distinctly pleaded.   (2 Rawle, 53.)

There was no writing between the parties, to show the amount acknowledged as due,—and it was the duty of the jury to find whether any thing was due, and what amount specifically.   General verdicts for parties frequently are good.   They may be rendered certain by applying them to the facts as averred in the pleadings.   But it is a loose and dangerous practice to receive such general verdicts on open, unliquidated

and disputed demands.   The law does not countenance such a practice.   In judgments by default, juries are impanneled to assess the damages on unliquidated demands.   Would they be allowed to find merely a general verdict for plaintiff, instead of a specific amount as damages?   And if this looseness should not be tolerated where the defendant does not appear to contest the amount, much less should it be allowed where he does appear and dispute the demand, or claim deductions.  (2 Rawle, 53 ; Mays v. Lewis, 4 Tex. R. 37.)   We are of opinion that the judgment should have been set aside on motion of defendant.

Judgment reversed and cause remanded.

Reversed and remanded.