No. 3139.—GARTHWAITE, LEWIS & STEWART *v.* F. SEIP AND A. E. CASSON.

*A notary public who has made a protest of a promissory note and given due notice thereof to the indorser, can not be permitted, in a suit to enforce payment against the indorser, to contradict or vary what he has certified to in the act of protest.*

APPEAL from the Ninth District Court, parish of Rapides. *Osborn, J. R. A. Hunter*, for plaintiffs and appellants. *T. C. Manning*, for defendants and appellees.

LUDELING, C. J. The plaintiffs sue on a note of F. Seip, made to the order of A. E. Casson and indorsed by her. The defense of the indorser is that she is discharged from liability by the failure of the plaintiffs to demand payment of the maker at the maturity of the note.

The note was payable on the second of May and was due and demandable on the fifth of May, 1870.

The protest recites that "on the fifth of May, 1870, at the request of Messrs. Garthwaite, Lewis & Stewart, the holders of the original note, whereof a copy is on the reverse hereof written, I, William W. Whettington, Jr., a notary public in and for the parish of Rapides and State of Louisiana, duly commissioned and sworn, presented the said note to Mrs. Eliza Seip, the mother of the maker, Frederick Seip, at the domicile of the said Frederick Seip," etc. The notary was introduced as a witness to contradict this statement in the protest. "A public officer who has given a solemn certificate in his official character and under his seal, can not be listened to as a witness to prove it false. There is a degree of turpitude in certifying as true what the officer does not know to be true, as well as in certifying what he knows to be false. In either case, whatever may be the palliating circumstances, *in foro conscientiæ* we think the falsity of the certificate ought not to be shown by the testimony of the officer himself." 14 La., p. 382; 5 Rob., 200; 7 Rob., 854.

In this case, however, even if we give effect to the testimony of the notary, it is so vague and uncertain as not to rebut the legal presumption in favor of the correctness of the statements in the protest. 2 R. 82.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the plaintiffs against Adelia E. Casson for the sum of fourteen hundred and forty one dollars and sixty eight cents, with interest at the rate of eight per centum per annum thereon from the second day of May 1866, cost of protest and costs of both courts