### D. B. CLENDENNING v. H. S. MATHEWS.

(No. 1562, Op. Book No. 2, p. 70.)

APPEAL from Cooke County.   Opinion by WALKER, R. S., P. J.

§ 904. *Judgment; legal result of facts.* It is a maxim of law that the judgment of the court must correspond with and be only the legal result of the facts found in the verdict. [Bledsoe v. Wills, 22 Tex. 650.]

**§ 905. *Verdict; province and object of.*** The province of a verdict is to declare the facts upon which the judgment is to be predicated. [May v. Taylor, 22 Tex. 349.] Its object is to announce to the court the judgment of the jury as to how far the facts established by the evidence conform to those which are alleged and put in issue by the pleadings. [Darden v. Mathews, 22 Tex. 324.] As the facts thus declared constitute the basis of a judgment, which is but the legal consequence of the facts thus found, it follows that the verdict must either affirm or negative such of the disputed facts as will, in connection with those admitted, if any, support a legal judgment. [Barnett v. Caruth, 22 Tex. 173.]

**§ 906. *Judgment; must be upon facts found.*** A judgment in a court of record must be founded on facts legally ascertained. A decree enforcing the vendor's lien is without foundation when the verdict does not ascertain that the note sued on was given in payment of the purchase money for the land upon which the lien is sought to be enforced. [McConkey v. Henderson, 24 Tex. 212.] Thus, in this case, which was a suit for the value of lumber sold and delivered, and the verdict was for the plaintiff, without finding the amount to which he was entitled, *held*, that the verdict did not authorize a judgment in favor of plaintiff for any amount. A general verdict for the plaintiff in a suit on account will not authorize a judgment for the amount claimed. [Harrall v. Babb, 19 Tex. 148; 2 Rawls, 53.]

**§ 907. *Verdict; must be certain.*** Whenever a verdict is neither certain in itself, nor finds facts from which certainty can be attained, it ought to be set aside. [Mays v. Lewis, 4 Tex. 38.] When a verdict is thus deficient, no aid can be given to it by looking out of the record to the evidence given upon the trial, in order to support a judgment rendered upon it. [Smith v. Tucker, 25 Tex. 594.]

**§ 908. *Statute of frauds; promise to pay debt of another.*** If a promise to pay the debt of another is merely collateral — not the absolute and unconditional undertak-

ing of the promisor for himself,— if the promisor is the mere surety of another, unless the assumpsit is evidenced by a writing signed by him, it would fall within the statute of frauds and could not be recovered upon.

May 15, 1880.          Reversed and remanded.