### G. F. BERNHARDT VS. ED. WENTZ.

MAYO, J.  A citizen of Illinois, who temporarily resides in this State and contracts a debt here, is not liable to arrest under C. P. 212. 7 An. 615; 14 L. 100.

2.  But the wages due here to such foreign citizen may be garnisheed, and he cannot claim the benefit of our exemption laws which were enacted in behalf of our own citizens.  C. P. 241; 2 R. 82.

3.  When a garnishment has been coupled with the main action, of which the Circuit Court has jurisdiction, and the garnishment is dissolved by the District Court on motion of defendant, an appeal will lie from such interlocutory order, although the amount garnisheed is less than our jurisdiction; the rule is different as between plaintiff and garnishee.

---

### MRS. JOHANNA HAYS VS. JOHN R. MUIR.

MAYO, J.  Where defendant in executory process has taken an appeal which has been adversely decided, she can afterwards enjoin the writ on any grounds not passed upon on the appeal.

2.  A sale of property by the sheriff, for less than the amount of the special mortgages anterior to that of the seizing creditor, is an absolute nullity, so far as it affects the rights of such anterior mortgagees.

3.  But if the party holding the anterior mortgage file a third opposition, claiming the proceeds of the sheriff's sale, and after the sale is made prosecute his opposition to judgment, which is rendered in his favor, ordering the proceeds to be paid over to him, he cannot refuse to receive the same and attack the sale as null, because the price at which the property was sold was less than the amount of his mortgage.  He is estopped by the principle, that one cannot claim the proceeds of a sheriff's sale and afterwards attack the sale as a nullity.  31 An. 103; 29 An. 275; 4 An. 416; 5 An. 18; 23 An. 765; 26 An. 630.

---

### SUCCESSION OF BLOXAM.  FINAL ACCOUNT AND OPPOSITION OF W. G. KENNEDY.

R. RAY, J., *ad hoc.*  The law does not confer upon clerks of the District Courts the power to grant appeals, and the order of the clerk is without authority and void.

---

### MONROE WHARFBOAT AND ELEVATOR CO. VS. R. J. NELSON.

MAYO, J.  Where defendant is sued for assessments amounting to $198, on his shares in plaintiff corporation, which shares amount to $500, and in reconvention he demands the cancellation of said shares, on the ground that they were subscribed in error of law and fact, held : The Circuit Court has no jurisdiction of an appeal by defendant from an adverse judgment, if it is not proved that said shares are worth more than $200.