FILED
United States Court of Appeals
Tenth Circuit

February 16, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LENNON PARK,

     Defendant - Appellant.

No. 09-1055
(D.C. No. 05-CR-00190-WYD-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Defendant-Appellant Lennon Park pled guilty to use of a communication facility of interstate commerce to entice a child. 18 U.S.C. § 2422(b). He was sentenced to a stipulated 130 months of imprisonment and five years of supervised release, to run consecutively to his other undischarged sentences. 2 R. 81. On appeal, he argues that a *consecutive* sentence is substantively unreasonable. Specifically, he argues the district court (1) misunderstood the 11(c)(1)(C) plea agreement to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

require that the stipulated sentence run consecutively and (2) failed to consider the other sentences that Mr. Park was serving as part of the 18 U.S.C. § 3553(a) factors. We have jurisdiction under 28 U.S.C. § 3742 and 18 U.S.C. § 1291, and we affirm.

## Background

Mr. Park's Presentence Report (PSR) calculated a total offense level of 25 and a criminal history category of III, resulting in a guideline range of 70 to 87 months.[1] 3 R. R-1. Mr. Park's 11(c)(1)(C) plea agreement provided that he would plead guilty to the child enticement count and stipulate to a 130-month non-guideline sentence in exchange for the government's agreement to move for dismissal of two remaining counts. 1 R. 19-20. One of the dismissed counts, production of child pornography in violation of 18 U.S.C. § 2251(a), carries a default mandatory sentencing range of 15 to 30 years, which is increased to 25 to 50 years where a defendant has one prior conviction for a crime against a child and 35 years to life where a defendant has two such prior convictions. 18 U.S.C. § 2251(a), (e). Mr. Park had at least one and possibly two such convictions. 3 R. 6-8.

During the change of plea hearing and the sentencing hearing, an issue

---

[1] Probation used the 2003 United States Sentencing Guidelines, 3 R. 5, and neither party objected to the PSR guideline calculation, Aplt. Br. 2; Aplee. Br. 5.

arose as to whether the parties intended the 130-month stipulated sentence to be served concurrently or consecutively to Mr. Park's other sentences. The district court recognized that the plea agreement did not specifically address this. See, e.g., 2 R. 42. The PSR recommended running the first 87 months of the stipulated sentence (the top of the 2003 Guidelines range) consecutively and the remaining 43 months concurrently. 3 R. R-1. The government told the district court that "it was not the Government's belief or contemplation that this would be concurrent . . . and it was certainly not within the contemplation of the parties that that would be the case." 2 R. 43 (sentencing hearing); see also 2 R. 10-11 (change of plea hearing) (government indicating that the stipulated sentence should be served consecutively). Mr. Park's counsel stated that during plea negotiations, he had the mistaken belief that a concurrent sentence was not possible. 2 R. 44. In fact, when the government mentioned concurrent sentences, he "laughed and said, [t]hat isn't going to happen. It can't happen." 2 R. 44. He did not learn of his misunderstanding until after the plea agreement was executed and the PSR recommendation was issued. 2 R. 44.

Ultimately, the district court accepted the plea agreement and ordered the sentence to run consecutive to Mr. Park's other sentences. 2 R. 79-81. The district court noted that it had the discretion to order the sentence be imposed either consecutively or concurrently under 18 U.S.C. § 3584(b), and that it must consider the factors listed in § 3553(a) in making this determination. 2 R. 69.

Mr. Park's counsel agreed that this decision was within the court's discretion. 2 R. 77. The court adopted the government's comments presented during sentencing as to why the § 3553(a) factors support a consecutive sentence and indicated that it had independently considered the factors. 2 R. 80. The court explained that it did not believe probation had carefully considered all of the factors and that a consecutive sentence would be lawful and comply with the parties' stipulation. 2 R. 80. Neither party objected to the consecutive nature of the sentence after the court imposed it. 2 R. 81-86.

## Discussion

We generally review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). To the extent that Mr. Park is arguing that the district court failed to explain its § 3553(a) analysis, an issue of procedural reasonableness, we review this claim for plain error because it was not raised below. United States v. Burgess, 576 F.3d 1078, 1096 (10th Cir. 2009) (discussing Fed. R. Crim. P. 52(b)). To show plain error under Rule 52(b), the error must (1) be an actual error that was forfeited; (2) be plain, (3) affect the appellant's substantial rights, and (4) "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Id. at 1096-97 (internal quotation marks, citations, and alterations omitted).

Mr. Park's assertion that the district court misunderstood the plea agreement to require a consecutive sentence is belied by the record. The district court noted at both the change of plea hearing and the sentencing—and the parties concurred—that the plea agreement was silent about whether the stipulated sentence was to be consecutive or concurrent to Mr. Park's other sentences. 2 R. 10, 42-45, 48, 52, 67-68, 77, 80. Despite the parties' disagreement at sentencing about how the sentence should run, Mr. Park repeatedly assured the district court that he did not want to withdraw his plea agreement. 2 R. 49, 69, 73. In fact, Mr. Park was willing to concede the consecutive issue to preserve his plea agreement. 2 R. 73. If the district court had not chosen to exercise its discretion, the sentence would have been consecutive to his other sentences. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Here, the court acknowledged that it could exercise discretion under 18 U.S.C. § 3584(b), 2 R. 69, and elected to impose a consecutive sentence after considering the § 3553(a) factors.

As for Mr. Park's arguments regarding the district court's § 3553(a) analysis, the sentence is substantively and procedurally reasonable. "We . . . traditionally do not disturb decisions entrusted by statute or other rule of law to the discretion of a district court unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of

- 5 -

permissible choice in the circumstances." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201 (10th Cir. 2007) (internal quotation marks and citation omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007). Although the district court's decision to run the sentence consecutively might not be "the only reasonable sentence" this does not amount to "abuse of discretion." United States v. Wittig, 528 F.3d 1280, 1286 (10th Cir. 2008).

Mr. Park argues that a consecutive sentence is substantively unreasonable because he is already serving what could be a very lengthy indeterminate sentence and the stipulated sentence exceeded the advisory guideline range for the offense of conviction. Though these are salient factors, we are unable to conclude that the district court abused its discretion. The nature and circumstances of the offense and Defendant's history and characteristics support the district court's decision to impose a consecutive sentence. Though occurring only over a span of three months, at least three incidents of sexual activity involving victims met over the internet occurred before an attempt to involve a fourth victim (an undercover officer). 3 R. 7-8, ¶¶ 30-33; Aplt. Br. 3-4. Sections 3553(a)(2)(A), (B), and (C) support such a sentence given that Mr. Park's repeated, serious conduct was stopped only by his arrest. 2 R. 55, 70. The gravity of the offense is echoed by the advisory guideline range at the time of sentencing in 2009, which was 135 to

168 months. 18 U.S.C. § 3553(a)(4); 2 R. 57. Mr. Park has not demonstrated that the district court's decision to impose a fully consecutive sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks and citation omitted).

Concerning the district court's articulation of its § 3553 analysis, we have held that the court may "consider [the factors] en masse," United States v. Burdex, 100 F.3d 882, 886 (10th Cir. 1996), and that the court need not make particularized findings on each item, see, e.g., United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999). At sentencing, the government argued that Defendant's pattern of conduct, the number of victims, the young age of the victims, and protecting the public from an Internet predator who is a high risk to re-offend supported a consecutive sentence. 2 R. 54-55. The government further contended that the goals of sentencing, the statutory presumption of consecutive sentencing, and the parties' agreement that the stipulated sentence satisfied the sentencing goals of § 3553 also supported a consecutive sentence. 2 R. 55-58. Disagreeing with probation's recommendation, the district court agreed with the government's analysis and adopted it on the record. 2 R. 80. No more detailed explanation was required. To the extent Mr. Park is raising procedural

reasonableness on appeal, there was no procedural error, plain or otherwise.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge