**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GERONIMO ORTIZ,

     Defendant - Appellant.

No. 14-3150
(D.C. No. 5:11-CR-40044-JAR-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

---

     Defendant-Appellant Geronimo Ortiz appeals his sentence of 105 months'

imprisonment followed by three years' supervised release for conspiracy to

distribute 500 grams or more of methamphetamine in violation of 21 U.S.C.

§ 846.  Mr. Ortiz's counsel filed a brief and motion to withdraw pursuant to

Anders v. California, 386 U.S. 738 (1967), asserting that, after reviewing the

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

record, no meritorious issues for appeal existed.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and finding no non-frivolous grounds for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## Background

In June 2011, Mr. Ortiz was charged in a three-count indictment with conspiracy to distribute methamphetamine, 21 U.S.C. § 846, distribution of methamphetamine, 21 U.S.C. § 841(a)(1), and possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1).  1 R. 13–15.  The charges arose from Mr. Ortiz's involvement in a drug trafficking organization.  Mr. Ortiz served as a principal lieutenant in the organization, and his house served as a storage and distribution center for illegal narcotics.  2 R. 12–13.

On October 27, 2011, Mr. Ortiz pleaded guilty on the first count.  3 R. 44. In return, the government agreed to: (1) move for dismissal of the remaining two counts at sentencing;[1] (2) not file any further charges against Mr. Ortiz arising from the same facts; (3) recommend a sentence at the low end of the Guidelines range; (4) recommend at least a two-level reduction in offense level under U.S.S.G. § 3E1.1 for Mr. Ortiz's acceptance of responsibility; and (5) recommend

---

[1]  Although the plea agreement only references the government moving for dismissal of the "remaining count," 2 R. 12, it appears the parties intended for both Counts II and III to be dismissed.  At sentencing, the court granted the government's motion to dismiss both counts pursuant to the plea agreement.  3 R. 24.

an additional two-level reduction based on the policy of the local U.S. Attorney concerning early pleas in complex cases. 2 R. 12, 32–33. The plea agreement set forth detailed facts supporting the conspiracy charge, and Mr. Ortiz acknowledged "that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." Id. at 42.

At the plea hearing, Mr. Ortiz indicated that he understood the terms of the plea agreement and that no one else had made him promises or assurances in exchange for his plea. 3 R. 34. He stated that he was aware of the minimum and maximum penalties and other consequences of the plea along with the constitutional rights he was waiving. Id. at 36–40. The government walked through the factual basis of the charges, and Mr. Ortiz's counsel conceded that those facts "plus many more" would be presented to a jury if Mr. Ortiz went to trial. Id. at 43. Finally, the court allowed Mr. Ortiz to explain "what he thinks actually happened" in order to "make sure that he understands what he's charged with." Id. Mr. Ortiz responded, "Well, the attorney said that the—said that we had taken money, we had gone there to take money. Him—I agree with what he said." Id. at 43–44. Mr. Ortiz proceeded to apologize to the court and plead guilty.

According to the PSR, Mr. Ortiz's base offense level was 38 under U.S.S.G. § 2D1.1(c)(1), given that 2.726 KG of actual methamphetamine had been seized. 2 R. 81. Mr. Ortiz received a two-level increase for possession of a

dangerous weapon in connection with the crime and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 37.  Id.  Mr. Ortiz's criminal history level was Category V.  Id. at 81–88.  Thus, the Guidelines range was 324 to 405 months, or 262 to 327 months if the court followed the local policy of crediting early pleas in a complex case.  Id. at 91–94.

Mr. Ortiz objected only to the two-level enhancement for possession of a firearm on the grounds that the firearm did not belong to him and was not connected with the charged offense.[2]  Id. at 96.  The sentencing court overruled this objection.  3 R. 15.  However, the court granted the government's motion for an additional two-level reduction based on the above-mentioned local policy and granted another two-level reduction based on a Justice Department policy concerning impending amendments to the Sentencing Guidelines.  Id. at 6.  After these adjustments, Mr. Ortiz's Guidelines range was 210 to 262 months.

Both the government and Mr. Ortiz moved for substantial downward departures from the Guidelines range.  The government filed a U.S.S.G. § 5K1.1 motion based on Mr. Ortiz's substantial assistance and ultimately requested a sentence of 105 months—50% of the low end of the Guidelines range.  Mr. Ortiz sought a sentence of 60 months.  2 R. 109; 3 R. 9, 11–12.

After making the appropriate findings and allowing Mr. Ortiz the

---

[2]  Mr. Ortiz also challenged the initial PSR's enhancement for being a "manager or supervisor within the conspiracy," but the government conceded this enhancement was improper and it was subsequently removed.  2 R. 101.

opportunity to allocute, the district court sentenced Mr. Ortiz to 105 months. 3 R. 16–24. The two additional charges against Mr. Ortiz were dismissed. Mr. Ortiz raised no objection beyond his earlier objection to the two-level dangerous weapon enhancement. Id. at 21.

Though Mr. Ortiz initially waived his right to appeal, he subsequently filed a timely pro se notice of appeal. After appointed counsel filed the Anders brief, Mr. Ortiz briefly responded, asking this court to "continue with the process of [his] appeal." The government did not file a brief in response.[3]

Discussion

Pursuant to Anders, where counsel asserts that no non-frivolous grounds for appeal exist, we conduct an independent review of the record to determine whether the appeal is wholly frivolous. 386 U.S. at 744. Having done so, we conclude that Mr. Ortiz has no non-frivolous grounds for appeal.

As Mr. Ortiz lodged no earlier challenge to the entry of his guilty plea, we

---

[3] In Mr. Ortiz's plea agreement, he waived his right to appellate and collateral review, except to the extent: (1) the district court varied upwards from the Guidelines range; or (2) his appeal was based on ineffective assistance of counsel. 2 R. 38–40. Such waivers are generally enforceable as long as they are entered into knowingly and voluntarily. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). However, to receive the benefit of its bargain, the government must file a motion to enforce the plea agreement, id. at 1328, or seek enforcement of the agreement in its brief, see United States v. Smith, 500 F.3d 1206, 1210 n.1 (10th Cir. 2007). The government has done neither here; thus, we do not consider Mr. Ortiz's appeal waived. See United States v. Clark, 415 F.3d 1234, 1237 n.1 (10th Cir. 2005).

would review such a challenge only for plain error.  United States v. Rollings, 751 F.3d 1183, 1191 (10th Cir. 2014).  Here, there is no non-frivolous argument that the district court committed plain error.  Although Mr. Ortiz's articulation of "what he thinks actually happened" was not a model of clarity, the plea agreement and colloquy demonstrate that he entered the plea knowingly and voluntarily.  Mr. Ortiz repeatedly affirmed, both in the plea agreement and at the plea hearing, that he understood the terms and was not induced by other promises or assurances to enter the agreement.  The record also reflects that the district court carried out the proper procedures pursuant to Rule 11 of the Federal Rules of Criminal Procedure prior to accepting the plea.

Further, we find no non-frivolous argument that Mr. Ortiz's sentence of 105 months in prison was reversible error.  Mr. Ortiz's only preserved challenge—regarding the two-offense-level increase for possession of a dangerous firearm in connection with the offense—would, even if correct, be harmless error, given the district court's sentence of Mr. Ortiz to 50% of the low end of the Guidelines range.  See United States v. Montgomery, 439 F.3d 1260, 1263 (10th Cir. 2006) ("Harmless error is that which 'did not affect the district court's selection of the sentence imposed.'" (citation omitted)).  As to any other potential challenges, because they were unpreserved, we would review only for plain error.  United States v. Battle, 289 F.3d 661, 669 (10th Cir. 2002).  Here, we find no non-frivolous argument that Mr. Ortiz's sentence of 105 months constituted plain

error.

We GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge