**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HERMAN LEE COLBERT,

    Defendant - Appellant.

No. 21-1041
(D.C. No. 1:19-CR-00321-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

_____

Defendant-Appellant Herman Lee Colbert pled guilty to being a felon in possession of a firearm/ammunition, 18 U.S.C. § 922(g)(1), and was sentenced to the statutory maximum of 120 months. On appeal, he argues that the sentence was procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## Background

In his plea agreement, Mr. Colbert stipulated to the following facts. On July 2, 2019, Mr. Colbert agreed to meet Mr. Omar King at a Denver motel after Mr. King had allegedly "talk[ed] shit to him" over the phone. 1 R. 48. Mr. Colbert brought a loaded handgun with a round chambered. 1 R. 48. When he arrived and saw that Mr. King looked angry, Mr. Colbert turned off his gun's safety. 1 R. 48. Amid arguing, Mr. King struck Mr. Colbert in the head, knocking Mr. Colbert into his own vehicle. 1 R. 49. Mr. Colbert claims that he saw a black handgun in Mr. King's pocket and thought that Mr. King was going to shoot him, so he shot Mr. King once. 1. R. 49. Police soon arrived and found Mr. Colbert screaming that he had acted in self-defense and given his gun to a witness. 1 R. 47–48. Mr. King died, but the state district attorney Maggie Conboy chose not to file homicide charges because there was "no likelihood of conviction." 1 R. 145.

The final PSR began with a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Mr. Colbert committed part of his offense subsequent to his felony conviction for a crime of violence. 2 R. 53. It applied the cross-reference in U.S.S.G. § 2K2.1(c)(1)(B), which provides that, for a defendant who "used or possessed any firearm . . . cited in the offense of conviction in connection with the commission or attempted commission of another offense," the court should apply, "if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater." U.S.S.G. § 2K2.1(c)(1)(B). 2 R. 53. According to the PSR, the proper analogous offense was

second degree murder resulting in an adjusted offense level of 38.  2 R. 53; see also

U.S.S.G. § 2A1.2.  This was reduced by three points for acceptance of responsibility,

U.S.S.G. § 3E1.1, resulting in a total offense level of 35.  Based upon a total offense

level of 35 and a criminal history of IV, the guideline imprisonment range was 235–

293 months, but the statutorily authorized maximum sentence of 10 years was less

than the minimum of the applicable guideline range; therefore, the guideline term of

imprisonment was 120 months.  U.S.S.G. § 5G1.1(a).

At Mr. Colbert's sentencing hearing, the district court sustained Mr. Colbert's

objection to applying the cross-reference.  3 R. 44–47.  The judge then arrived at a

guideline sentencing range of 37–46 months.  3 R. 42, 62.  Mr. Colbert sought a

downward variance to 30 months and the government sought an upward variance to

the maximum statutory penalty of 120 months.  3 R. 38, 48.  After considering the

§ 3553(a) factors, the district court sentenced Mr. Colbert to 120 months.  3 R. 69,

72.

**Discussion**

**A. Procedural Reasonableness**

Mr. Colbert first contends that the district court committed procedural error by

not squarely addressing the applicability of the cross-reference.  According to Mr.

Colbert, a cross-reference analysis would have included a finding that he had acted in

self-defense, which would have affected the district court's § 3553(a) analysis.

According to Mr. Colbert, "by refusing to state that justification for its Guideline

calculation, the court was not later bound by a self-defense finding when it deemed this to be the most egregious felon-in-possession case it had ever encountered." Aplt. Br. at 20.

For its part, the district court declined to apply the cross-reference for three reasons: (1) the chief deputy district attorney declined to prosecute; (2) Mr. Colbert was never charged, let alone proven guilty of any such offense; and (3) even had the cross-reference applied, the maximum sentence was ten years.

We generally review a sentence's procedural reasonableness for an abuse of discretion. United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012). But objections to procedural reasonableness not raised below, as here, are subject to plain error review. Id. To demonstrate plain error, a defendant must show (1) error, (2) that is plain, (3) and affects substantial rights as well as (4) the fairness, integrity, or public reputation of judicial proceedings. Id.

Mr. Colbert 's argument falters at step one because there was no error. Having sustained Mr. Colbert's objection to the cross-reference, the trial court was not required to lock itself into a finding of self-defense that would reduce Mr. Colbert's sentence.[1] The trial court clearly stated that it would consider the offense conduct and it did so. 3 R. 69–72.

---

[1] At first glance, an application note may seem to conflict with the second reason the district court relied upon in declining to apply the cross-reference. "'[A]nother offense', for purposes of [§ 2K2.1(c)(1)], means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained."

Regardless, any error would be harmless[2] because "the record viewed as a whole clearly indicates the district court would have imposed the same sentence had it not relied on the procedural miscue(s)." United States v. Kieffer, 681 F.3d 1143, 1165 (10th Cir. 2012). If the cross-reference were applied, it would have raised the guideline range to the statutory maximum of 120 months, the same sentence that Mr. Colbert received. If it were not applied along the exact lines Mr. Colbert desired (that the killing was in self-defense), the judge still would have varied up to 120 months because he thought that "even if Mr. King had pulled a gun, the point that seems to be lost on the defense . . . is that [Mr. Colbert] should have never been in that position in the first place. This shooting was entirely avoidable." 3 R. 72.

**B. Substantive Reasonableness**

"A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." United States v. Lawless, 979 F.3d 849, 855 (10th Cir. 2020) (quoting United States v. Sanchez-Leon, 764 F.3d 1248, 1267 (10th Cir. 2014)). This court reviews the substantive reasonableness of a sentence for an abuse of discretion. Id. Therefore, the district court receives considerable deference and its sentence will only be overturned when "arbitrary, capricious, whimsical, or manifestly unreasonable" under the totality of

---

U.S.S.G. § 2K2.1 n.14(C). We do not read the application note as saying a judge must apply the cross-reference in every case of uncharged behavior.

[2] The district court judge said as much. See 3 R. 46–47.

5

the circumstances.  Id. (quoting United States v. Peña, 963 F.3d 1016, 1024 (10th Cir. 2020)).  This means that "we uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence."  United States v. Barnes, 890 F.3d 910, 916 (10th Cir. 2018).

Here, the district court explicitly considered "the sentencing factors that the Court is required to consider."  3 R. 62–67.  According to the court, Mr. Colbert's extensive criminal history made it clear that he knew he was a felon who could not possess a firearm.  The judge accounted for Mr. Colbert's difficult personal life, substance abuse issues, attainment of a G.E.D., and letters to the judge, but he also noted that this was "the most serious, the most egregious" § 922(g)(1) case he had ever seen or could imagine.  The court further explained: Mr. Colbert's offense level and three-point reduction, CHC, guidelines range, and that the guidelines are advisory; the applicable policies of deterrence, community safety, and rehabilitation; and that restitution was unavailable in this case.  The judge then denied Mr. Colbert's motion for a downward variance, and granted the government's motion for an upward variance because he "th[ought] it . . . the fair and appropriate sentence considering all of these factors that [he] ha[d] studied, thought about, and explained."  3 R. 72.  Particularly important were the considerations that the "shooting was entirely avoidable" and "a human being was . . . needlessly killed because this defendant refused to abide by his legal obligation not to have a firearm."  3 R. 72.

Mr. Colbert argues that his sentence is substantively unreasonable because the district court put undue weight on the nature and circumstances of the crime.  Aplt.

6

Br. at 23–24. But given the facts of this case, this is just another argument that the judge should have found that Mr. Colbert acted in self-defense and did not have a mens rea deserving punishment, and then let those facts mitigate his sentence. Aplt. Br. at 23–31. The judge clearly disagreed, which was within his discretion. 3 R. 67–72.

Mr. Colbert also argues that his sentence is substantively unreasonable because the upward variance is unjustified and constitutes too great a sentencing disparity. Aplt. Br. at 31–33. These arguments do not succeed because the judge explained his reasons for the upward variance clearly and no disparity exists to warrant reversal.[3] In another § 922(g)(1) case, this court upheld a district court's upward variance to the statutory maximum of 120 months from a lower guideline range than Mr. Colbert's. United States v. Mateo, 471 F.3d 1162, 1165–66, 1170 (10th Cir. 2006). It is permissible for the offense's nature and circumstances to primarily drive the district court's decision because they were extraordinary. Id. at 1166–71.

We thus uphold a large upward variance because "the district court properly weigh[ed] the § 3553(a) factors and offer[ed] valid reasons for the chosen sentence." Barnes, 890 F.3d at 916.

---

[3] Mr. Colbert also argues in the substantive reasonableness section of his brief that the district court judge was "procedurally unreasonable" in not justifying the reasons and extent of the variance. Aplt. Br. at 31. Because the judge did give serious consideration to his variance, see, e.g., 3 R. 62–72, this argument is inapposite.

**AFFIRMED**.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge