S. R. MILES ET AL. v. TEXANA DORN.

Decided October 18, 1905.

**Landlord's Lien—Judgment—Subrogation.**

In an action to recover the value of cotton of plaintiff taken and converted under execution against another, defendant, against whom the landlord on whose premises it was raised had previously recovered a judgment for converting his interest therein as landlord, which had been satisfied, could assert title to that interest as passing by such payment, or, if not so passing, as an outstanding interest in the landlord; having the burden, however, of proving the validity of the landlord's claim, on which the judgment in his favor against defendant did not conclude the plaintiff who was not a party to that suit.

Appeal from the County Court of Caldwell County.   Tried below before Hon. Jno. N. Gambrell.

*A. B. Storey* and *P. J. Greenwood,* for appellants.—In all cases where a person is forced or compelled to discharge a debt that another party is primarily liable for, such person so discharging the said debt is subrogated to all the rights and securities held against the debtor by the creditor whose debt has been so discharged.   Denson v. Ham, 16 S. W. Rep., 182; Am. and Eng. Ency. of Law (2d ed.), vol. 27, p. 203, sec. 4, and notes thereunder; Am. and Eng. Ency. of Law (2d ed.), vol. 27, pp. 243-4, sec. 3, and notes thereunder.

The title of Texana Dorn to the two bales of cotton sued for can not be superior to the title of her grantor or vendor Emanuel Hardeman.   And her right to recover in the case depends upon the strength of her own title.   Sayles' Civ. Stats., arts. 3235 and 3236; Crane v. McGuire, 64 S. W. Rep., 942; Epstein v. Meyer Drug Co., 18 S. W. Rep., 592, and Sanger v. Thomaston, 44 S. W. Rep., 409.

*McNeal & Ellis* and *J. P. Ellis,* for appellee.—The doctrine of subrogation does not apply to a stranger, or volunteer, who has paid the debt of another, without an assignment, or an agreement for subrogation.   The pleading does not show that the debt due Kleinsmith was paid at the request of Texana Dorn, or that any right acquired by paying and extinguishing the Kleinsmith debt was superior to the right of Texana Dorn to enforce her claim by a marshalling of assets between her and Kleinsmith.   Onry v. Sanders, 77 Texas, 280; Baker v. Guinn, 32 S. W. Rep., 371.

In suit for conversion the defendant can not plead and prove a title to the property in another party to defeat plaintiff's right to recover without pleading and proving that he has become the owner of this claim.   There is no pretense in this case that appellants had become the owners of Kleinsmith's claim and lien for rent or of his interest in the cotton.   Obrien v. Helburn, 22 Texas, 624.

FISHER, CHIEF JUSTICE.—The case will be reversed on account of the error presented in appellant's second assignment.   Kleinsmith's right as to a one-fourth interest in the cotton should have been sub-

mitted to the jury. We understand from what is stated in the record upon this subject that Kleinsmith recovered a judgment against Mrs. Johnson for the value of eight bales of cotton, including the two bales in controversy, in a suit against her in the nature of a conversion. This judgment was paid off and discharged by Mrs. Johnson. It appears that Kleinsmith's interest in the cotton amounted to a one-fourth. When Mrs. Johnson paid off the judgment, the amount of which represented Kleinsmith's interest in the cotton converted by her, she became the owner of the interest of Kleinsmith; and in the suit of Texana Dorn against her, she would have the right to assert the interest acquired from Kleinsmith.

In the charge set out in appellant's seventh assignment of error, the court also instructed the jury that they could not consider the interest of Kleinsmith in the cotton in question. If it should be held upon another trial that the averments of appellant's answer setting up title from Kleinsmith, could not be sustained, the appellant would clearly be entitled to show that Kleinsmith still owned an interest in the cotton in question; and, if such should be the case, the appellee, Texana Dorn, would not be entitled to recover a judgment against appellant for the interest owned by Kleinsmith.

What we have just said also disposes of the sixth assignment of error. We overrule all of the remaining assignments of error.

We do not mean to say that the court should give a peremptory instruction, as suggested in the sixth assignment of error; nor should a charge be given as was set out under the seventh assignment of error, but the issue as to the interest of Kleinsmith should be submitted to the jury for them to pass upon, under appropriate instructions.

Judgment reversed and cause remanded.

*Reversed and remanded.*

### OPINION ON REHEARING.

To fully understand the points upon which we reverse the case, we copy from the appellant's brief what we understand to be an accurate statement of the issues involved, as presented by the pleadings:

"The appellee, Texana Dorn, instituted this suit on the 26th day of January, 1901, in the Justice's Court of Precinct No. 2, Caldwell County, Texas, against S. R. Miles, as constable of said precinct and J. H. Muenster, C. A. Miles, D. G. Hatcher, O. O. Perry, A. Taylor and Sol Smith sureties on the official bond of said S. R. Miles, as such constable, to recover the sum of $96.69 actual damages and the further sum of $100 exemplary damages, for the alleged wrongful and unlawful seizure and conversion of two bales of lint cotton, alleged to be the property of her, the said Texana Dorn. Defendant Miles answered in writing in said cause, setting up a general demurrer and special exceptions, a general denial and further that he had levied on said two bales of cotton under an execution issued out of the County Court of Caldwell County, Texas, in favor of Mrs. M. A. Johnson; that said Mrs. Johnson had given him a bond of indemnity, with L. D. Powell, as surety thereon, and praying that his said indemnitors be made parties to said suit. Mrs. M. A. Johnson and her said surety,

Powell, voluntarily made their appearance in said suit, and filed their answer in writing therein, alleging (1) general demurrer and special exceptions; (2) general denial; (3) that said two bales of cotton seized and sold under said execution were not the property of the plaintiff, Texana Dorn, but were at the time of his said seizure and sale the property of Emanuel Hardeman, plaintiff's father; that the same was levied on and sold under a valid execution, issued on a valid judgment against the said Emanuel Hardeman, and that the claim of the said plaintiff, Texana Dorn, thereto, was fraudulent and void, and made for the purpose of aiding and assisting the said Emanuel Hardeman in defrauding his creditors; (4) that she, the said Mrs. M. A. Johnson, was the owner of said judgment and that the same was in full force and effect, and the seizure and sale of said cotton was made for the purpose of satisfying said judgment.

"Both plaintiff and defendants made additional oral pleas, which were by the justice of the peace entered upon his docket. A trial was had on the 10th day of April, 1901, which resulted in a judgment for plaintiff against the said Miles and his sureties, and in favor of the said Miles against the said Mrs. Johnson and her said surety, L. D. Powell. And from said judgment, she, the said Mrs. M. A. Johnson, appealed to the County Court of Caldwell County, Texas, and in due time filed a valid and proper appeal bond in the case. In said County Court a motion was made to dismiss said appeal on account of certain alleged defects in said appeal bond, which said motion was by the court overruled, because said defects had been waived, which waiver was in due form and signed by the parties affected by said apparent defects in said appeal bond. At the February term, 1904, of the County Court, the death of said Mrs. M. A. Johnson was suggested by the defendant S. R. Miles and an order was entered making L. D. Powell and Geo. F. Huff independent executors of her estate parties defendant to said suit. At the August term of said County Court, the said Powell and Huff appeared and answered in said cause, filing their written answer therein wherein they set up: 1st, general demurrer and special exceptions; 2d, general denial; 3d, further alleging that the two bales of cotton, the value of which is sued for in this cause is and was the property of the said Emanuel Hardeman, the father of plaintiff, Texana Dorn, and not her property; 4th, a denial of the conversion of said two bales of cotton, but alleging the same to be the property of Emanuel Hardeman and its seizure and sale under execution to satisfy a judgment against him, the said Hardeman; 5th, the recovery of the judgment against the said Hardeman by W. R. Johnson, husband of Mrs. M. A. Johnson, his death and her ownership of said judgment, etc.; 6th, that on the 5th day of February, 1901, in the County Court of Caldwell County, Texas, H. Kleinsmith, as landlord of the alleged vendor of plaintiff, instituted suit to recover of Emanuel Hardeman and the said Mrs. M. A. Johnson, the sum of $231.25 the alleged value of a one-fourth interest in and to 8 bales of lint cotton grown by said Hardeman during the year 1900, of which the said two bales in controversy herein were a part; also to recover of said Hardeman the sum of $66 corn rent, and $62.50 a supply bill to enable said Hardemen to make and gather said crop, all of which was a lien upon said

8 bales of cotton, including the two bales of cotton in controversy in this suit; the defendant, Mrs. M. A. Johnson, being made a party in said suit upon the alleged grounds that she had received and converted to her own use the said eight bales of lint cotton, including the two bales in controversy herein, for which judgment was asked against her for the amount sued for in said suit. That on the 28th day of November, 1902, said cause was tried, in which the plaintiff therein, H. Kleinsmith, recovered a judgment against said Emanuel Hardeman and Mrs. M. A. Johnson for the sum of $228.50 with 6 percent interest from the 24th day of November, 1900, aggregating $246.40, with a foreclosure of his landlord's lien upon said 8 bales of cotton, of which the two bales in controversy herein were a part; that said Emanuel Hardeman being insolvent, the said Mrs. M. A. Johnson paid off and fully satisfied said judgment, together with all costs in said cause expended, by reason of which defendants say she, the said Mrs. M. A. Johnson, became subrogated to all the rights of the said H. Kleinsmith in and to said 8 bales of cotton, including the two bales of cotton in controversy herein, and that to the extent of the full value thereof. Alleging further that plaintiff had full knowledge of the lien of the said H. Kleinsmith, and the debt due by her vendor, Hardeman, at and before she ever set up any claim to the said two bales of cotton sued for herein. Plaintiff on the 22d day of November, 1904, filed her supplemental petition demurring to the plea of subrogation, and setting up a general denial to the answer of the said Powell and Huff. A trial was had before a jury on the 23d day of November, 1904, which resulted in a judgment in favor of the plaintiff and against the said S. R. Miles and his said sureties on his official bond for the sum of $117.12, with 6 percent interest thereon from said date and in favor of the said S. R. Miles and his sureties against the said L. D. Powell and Geo. F. Huff, as executors of the estate of the said M. A. Johnson for the same amount and all costs of suit."

The issue of subrogation raised by the answer of Mrs. Johnson asserting the right of Kleinsmith as against Emanuel Hardeman, was stricken out on special exception of the appellee.

There are a few principles of law which will be stated, applicable to the facts pleaded, which, in our opinion, support the conclusion originally reached in the disposition of this case in this court.

It is well settled that where the landlord either owns an interest in the property raised by the tenant upon shares, or has a lien upon the same for the rent due, he may maintain an action against one who converts the same, to the extent of the value of his interest therein, and a judgment so obtained for the value of the property converted, and a satisfaction of the same by the defendant, vests a title to the property in the defendant. (Gear v. Lafayette County Bank, 47 S. W. Rep., 737; Smith v. Sorrell, 54 S. W. Rep., 38; Moore v. King, 4 Texas Civ. App., 400, 28 Am. and Eng. Ency. Law (2d ed.), 738.)

As to whether the landlord has a mere lien upon the property raised upon shares for the amount of his rent, or whether he becomes the owner of a part so raised, is a question to be determined from the rental contract. (Renfro v. Lancaster, 10 Texas Civ. App., 325.)

If Mrs. Johnson had a judgment against Emanuel Hardeman, and

caused the cotton in controversy to be seized under execution based upon that judgment, it would be subject to the rental contract of Kleinsmith as the landlord of Hardeman. Kleinsmith, in asserting his rights, sued Hardeman and Mrs. Johnson, and charged the latter with the conversion of eight bales of cotton, which included the two in controversy. The judgment recovered by him in that suit, which represented the value of his interest in the cotton in question, was paid off and satisfied and discharged by Mrs. Johnson; and, according to the principle of law stated, when this was done she became the owner of whatever right, title or interest Kleinsmith had in the property converted, and the right so acquired from Kleinsmith, by operation of law, could be asserted by her in any action, either brought by her or against her, wherein the title or right of Kleinsmith was assailed. Now if it is true that Texana Dorn acquired whatever interest she may have had to the cotton, subject to the right of the landlord, Kleinsmith, Mrs. Johnson, under the plea asserted, could assert the superior right of Kleinsmith, if it was superior, and thereby defeat the claim of the appellee, either in whole or in part. But it is true, on a trial the true merits of the contract of Kleinsmith with Emanuel Hardeman could be gone into also, with a determination of the supposed right of the appellee. We do not mean or intend to hold that Texana Dorn, not being a party to the judgment of Kleinsmith against Johnson and Hardeman, would be bound by that judgment, for she would have the right upon a trial of this case to present and support, if she can, the issue as to whether she or Kleinsmith had the superior title to the cotton in question, and whether his lien or title asserted by him in the suit against Mrs. Johnson attached to this cotton, and whether the rental debt due him had been paid off and discharged.

The motion for rehearing is overruled.

*Overruled.*