## CURLEE v. ROGAN.

(Court of Civil Appeals of Texas. April 5, 1911.
Rehearing Denied May 10, 1911.)

1. TRIAL (§ 331*)—VERDICT—SUFFICIENCY.

A verdict, in an action for the conversion of a bale of cotton, "We, the jury, find a verdict in favor of the plaintiff for the value of three-fourths of such bale of cotton and $50 exemplary damages," is too indefinite to support a judgment for plaintiff, requiring resort to the evidence to ascertain the amount plaintiff was entitled to recover thereunder.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783; Dec. Dig. § 331.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST—INSTRUCTIONS ALREADY GIVEN.

A requested charge was properly refused, where it was charged in substance by an instruction given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

3. LANDLORD AND TENANT (§ 326*)—TITLE TO PROPERTY.

If the relation of landlord and tenant existed, title and right of possession to the crop raised was in the tenant, though the rent was payable in crops, so that the landlord's taking possession thereof without the tenant's consent would be a trespass.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1367; Dec. Dig. § 326.*]

4. SET-OFF AND COUNTERCLAIM (§ 33*)—PROPRIETY OF SET-OFF.

Under the direct provisions of Rev. St. 1895, art. 754, defendant cannot set off a debt claimed to be due him from plaintiff against damages for a tort committed against plaintiff by him.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 33.*]

5. LANDLORD AND TENANT (§ 331*)—CONVERSION OF CROP—EXEMPLARY DAMAGES.

In an action by a tenant for the conversion of a bale of cotton by his landlord, it appeared that plaintiff left the cotton in the possession of his agent pending a settlement with defendant for rent, and defendant, in the agent's absence and without plaintiff's consent, took the cotton, sold it, and appropriated the proceeds to his own use without offering to account to plaintiff. Held, that the issue of exemplary damages was properly submitted.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

Appeal from Lee County Court; John H. Tate, Judge.

Action by Jake Rogan against J. A. Curlee. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Watson & Simmang and W. A. Morrison, for appellant. Wm. O. Bowers, for appellee.

RICE, J. Appellee brought this suit in the justice's court against appellant for the recovery of actual and exemplary damages, growing out of the alleged wrongful and malicious seizure and conversion on the part of appellant of one bale of cotton belonging to appellee, of the value of $46.90, for which he claimed actual damages, and the further sum of $100 as exemplary damages, and recovered judgment in said court, from which an appeal was taken to the county court.

Besides a general denial, defendant sought to justify under a special plea to the effect that the cotton was taken under a claim of right, based on the ground that it was grown on appellant's premises by appellee, who was cultivating the same under a contract, by the terms of which defendant was entitled to have and retain an undivided one-fourth interest in each and every bale of cotton grown thereon during the year 1908, and that as owner of said one-fourth interest in said bale of cotton appellant was entitled to the joint possession of the same, and that during said year he had furnished supplies and advances to appellee to the amount of $35, and that said cotton had been sold and the proceeds thereof, less the rent, had been applied in part payment of such debt, leaving a balance still due by appellee to appellant, which he sought to recover. There was a denial by appellee of any indebtedness to appellant as above stated, except for rent. There was a jury trial in said county court, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

[1] By his sixth assignment, appellant insists that the verdict is too indefinite and uncertain upon which to predicate a judgment against him. The verdict of the jury was as follows: "We, the jury, find a verdict in favor of the plaintiff, Jake Rogan, for the value of three-fourths of said bale of cotton and $50 exemplary damages." Upon this verdict the court rendered judgment against appellant for $29.70 as the value of three-fourths of the bale of cotton, and in addition thereto for the sum of $50, exemplary damages, aggregating $79.70. In order to ascertain the amount plaintiff was entitled to recover under this verdict for his interest in the cotton, it is necessary for us to look to the evidence. When this has to be done, it seems from the authorities that the verdict is too indefinite upon which to render judgment. See Mays v. Lewis, 4 Tex. 38; Smith v. Tucker, 25 Tex. 594; Harrell v. Babb, 19 Tex. 148; Bennett v. Seabright, 32 S. W. 1048; Wilkinson v. Wallis, 1 White & W. Civ. Cas. Ct. App. §§ 688, 904–907; Williams v. Smith, 98 S. W. 916. In Mays v. Lewis, supra, which was a suit upon promissory notes, and where the jury found that the plaintiff was entitled to the full amount specified in the promissory notes adduced in the case, etc., it was held that the verdict was insufficient upon which to render judgment, on the ground that where the verdict is neither certain in itself, nor finds facts from which certainty can be attained, it ought to be set aside.

In Smith v. Tucker, supra, which was a suit in trespass to try title, and where the verdict found for the plaintiff "the land described in the petition, less 767½ acres,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

as described in the deed read in evidence from B. F. Hooper to C. M. Adams," and the pleadings contained no description of the land conveyed by that deed, it was held that the court could not render judgment upon such finding, because it could only do so by looking out of the record to the evidence given on the trial. Chief Justice Wheeler delivered the opinion, saying that: "There is the same defect in the verdict as in the case of Mays v. Lewis, supra. It does not find the facts essential to support the judgment, but refers the court to the evidence given upon the trial to render certain the finding of the jury." The court further said: "It is plain, therefore, that the court gave judgment upon the evidence, and not upon the verdict. It is the province of the jury to find the facts from the evidence, and of the court to give judgment upon the finding of the jury. There can be nothing clearer or better settled than that a verdict, which is not so certain that the court can give judgment upon it without looking out of the record to the evidence given upon the trial, will not support a judgment."

This is the exact status of the case at bar. The jury failed to find how much plaintiff's interest in the cotton was worth, and it was necessary, in order to ascertain this, to look outside of the pleadings to the evidence adduced upon the trial, which cannot be done, for which reason this assignment is sustained. As this case must be reversed on account of the insufficiency of the verdict, we think it only necessary to notice such other matters assigned as may likely occur upon another trial.

[2] It is contended on the part of appellant that the court should have given in charge to the jury his special charge No. 1, to the effect that if the cotton in question was raised upon his premises, under a rental contract by which he was entitled to one-fourth thereof, that then, if they believed that he obtained peaceable possession of the cotton, that the jury should not find against him for exemplary damages. We think this charge was properly refused, if for no other reason than that the court gave it in substance in paragraph 5 of its main charge, which was more favorable to the defendant than he was entitled to under the law, as made by the facts in evidence.

[3] But if the relation of landlord and tenant existed between the parties, then this charge, as well as paragraph 5 of the main charge, ought not to have been given, for the reason that in such case the title to the property remains in the tenant. The facts show, we think, that appellant had rented the premises to his brother, Judge Curlee, who had sublet it to appellee. It is true that appellee was paying as rent one-third of the corn and one-fourth of the cotton raised upon the premises; but this did not necessarily make him a cropper upon shares, and the parties joint owners or tenants in common

of the crop, as contended by appellant. It appears from the evidence that this was the seventh bale, the rent on the other cotton, except one bale, having been paid in money to appellant; and the testimony of appellant himself indicates that he regarded appellee as his tenant. The facts of this case, we think, would constitute appellee the subtenant of appellant, under the doctrine announced in the well-considered case of Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481. See, also, Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881; Railway Co. v. Bayliss, 62 Tex. 570. It is said in volume 8, Am. & Eng. Ency. Law (2d Ed.) p. 317: "A very familiar contract for the rental of farm lands is made where the landlord contracts to receive his rent in a portion of the farm products. In the absence of any specific contract between the landlord and tenant by which the former seeks to change the general rule governing the relation, the tenant, of course, becomes the legal possessor of the demised premises during the term, and until a division of the crops is made, the title to them is in him." See, also, volume 18, Am. & Eng. Ency. Law, p. 174; also, 1 Taylor on Landlord & Tenant, § 24. In so holding we are not unmindful of the line of cases cited by appellant, holding that croppers on shares are merely tenants in common with the landlord of the crop, among them Horseley v. Morse, 5 Tex. Civ. App. 341, 23 S. W. 1115, and Rogers v. Fraser, 108 S. W. 727.

But this case on its facts is distinguishable from those, and here it is evident that the parties themselves intended that the relation of landlord and tenant, and not that of cropper on shares, should exist. It is said in 18 Am. & Eng. Ency. Law, supra, that: "The courts have found it difficult to fix any general rule by which to determine whether the carrying on of a farm by one not the owner, for a share of the crops, constitutes him a tenant, and the authorities in different states, and even in the same state, are not perfectly uniform. It may be said, however, that there are certain rules now recognized as having a material influence in determining this question, though none of them can be said to be conclusive. The chief criterion in determining whether the agreement constitutes the relation of landlord and tenant or that of occupant or cultivator on shares is, as in the case of agreements generally, the intention of the parties, which is to be determined from the special terms of the contract, the subject-matter, and the surrounding circumstances. When the agreement is verbal and the evidence as to the intention of the parties is conflicting, the question of intention is for the jury. The *acts of the parties* showing the construction placed by them upon the agreement may be controlling in showing the character of the agreement. It has been held that public policy is best subserved by holding the relation between the parties to be that of landlord

and tenant, and therefore that the courts should lean towards a construction creating such a relation, unless a contrary intention on the part of the parties is shown."

Chief Justice Fisher, in Miles v. Dorn, 40 Tex. Civ. App. 298, 90 S. W. 707, discussing this question, says: "As to whether the landlord has a mere lien upon property raised upon shares for the amount of his rent, or whether he becomes the owner of a part so raised, is a question to be determined from the rental contract"—citing Rentfrow v. Lancaster, 10 Tex. Civ. App. 325, 31 S. W. 229. Justice Head, in the last case above cited, says: "If the contract shows that it was the intention of the parties to divide the specific products of the premises, the intention would seem to be manifest that each should at all times prior to the division have a title to his moiety of such products. If, on the other hand, the lease or contract contains words importing a present demise and a reservation of a portion of the crop as rent, the parties seem to stand towards each other in the relation of debtor and creditor, the debt being payable in produce; and the tenant is the sole owner of such produce until the part due the landlord is segregated and paid to him. Where this is the case, the crops are subject to an execution against the tenant, but to none against the landlord."

In Fagan v. Vogt, 35 Tex. Civ. App. 528, 80 S. W. 664, it was held, even where the tenant was regarded as a cropper on shares, where, prior to the maturity of the crops, the landlord had unlawfully taken possession and appropriated the same, that the latter was liable to the tenant for their value in a suit for conversion.

In Neal v. Brandon, 70 Ark. 79, 66 S. W 200, the court concludes, in discussing this question: "Our opinion is that it was a contract for the cultivation of land on shares, where the occupier was to have the exclusive possession of the land for the year 1898, and that he was to pay or deliver to the owner certain portions of the crop as rent, which created the relation of landlord and tenant"—citing cases.

The land having been directly rented by appellant to his brother, who sublet it to appellee in consideration of the payment by him of a certain part of the crop as rent, showing appellant's knowledge and acquiescence in said contract, and the receipt by him of the rent out of previous bales, not in kind, but in money, together with acts indicating that the appellant regarded the relationship existing between him and appellee as that of landlord and tenant, and not a cropper on shares, we think fully differentiates this case from those cited by appellant, establishing the contrary doctrine, and must have controlling effect; for which reason we hold that the charge above requested should not have been given, because if appellee, as the authorities indicate, was the tenant of appellant, and not a mere occupier of the land and a cropper on shares, then appellant had no right to possession of said cotton, and his act was therefore unlawful and a trespass against the rights of appellee, for which he was liable in damages. See Autona v. Miles, 47 Tex. Civ. App. 289, 105 S. W. 39; Gaw v. Bingham, 107 S. W. 931.

[4] We think that the court properly refused to give appellant's special charge No. 3, which virtually instructed the jury to the effect, that if they believed that plaintiff owed defendant a balance of $35 upon stated account, that in that event they should find for the defendant, unless they should believe that three-fourths of the value of the bale of cotton so taken by the defendant exceeded that amount, because if the same had been given it would have allowed the jury to set off a debt claimed to be due him from the plaintiff against a tort committed by him against the plaintiff, which is not permissible. See article 754, Rev. Civ. Stat.; Duncan v. Magette, 25 Tex. 245; Knight v. Old, 2 Willson, Civ. Cas. Ct. App. § 77; Wheat v. Ball, 68 S. W. 181.

[5] The court did not err in submitting the charge upon exemplary damages. This issue was raised by the evidence. The cotton had been left by appellee in possession of Province, his agent, pending a settlement with appellant about the rent. In the absence of the agent and without the consent of appellee or said agent, appellant, accompanied by several others, unlawfully took the cotton from the possession of the agent and removed it to the town of Rockdale, where he afterwards sold the same and appropriated the proceeds to his own use and benefit, never offering to make an accounting or settlement with the plaintiff. This, we think, constituted such a flagrant violation of plaintiff's rights as warranted the court in submitting this issue to the jury. See Railway Co. v. Kniffen, 4 Tex. Civ. App. 484, 23 S. W. 457; Cole v. Tucker, 6 Tex. 266; Kolb v. Bankhead, 18 Tex. 228; Gordon v. Jones, 27 Tex. 620; Gross v. Hays. 73 Tex. 515, 11 S. W. 523; Railey v. Hopkins, 131 S. W. 725; Oliver v. Chapman, 15 Tex. 409; Ry. Co. v. Shirley, 54 Tex. 125.

The remaining assignments have been considered and are regarded not well taken, and are therefore overruled.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.