TRINITY & B. V. RY. CO. v. DOKE et al.

(Court of Civil Appeals of Texas. Austin. Jan. 15, 1913.)

1. APPEAL AND ERROR (§ 1140*)—DISPOSITION OF CASE ON APPEAL—EXCESSIVE DAMAGES.

Where the damages awarded under a proper instruction are excessive, but the evidence does not indicate the amount of the excessiveness, the court, on appeal, cannot affirm the judgment on condition that appellee will remit a specified amount of the damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4476; Dec. Dig. § 1140.*]

2. TRIAL (§ 253*) — INSTRUCTIONS—IGNORING ISSUES.

It is not error to refuse a requested charge ignoring an issue raised by conflicting evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—EMPHASIZING FACTS.

It is not error to refuse a requested charge covered by the charge given, and thereby accentuate the facts embodied in the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. LIMITATION OF ACTIONS (§ 124*)—DAMAGES TO CROPS—ACTIONS—LIMITATIONS.

Where a landlord on shares brought an action for injuries to growing crops, but the tenant was not made a party plaintiff until after the expiration of two years after the injury, the action of the tenant was barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 541; Dec. Dig. § 124.*]

5. LANDLORD AND TENANT (§ 326*)—TENANCY ON SHARES—RIGHT OF LANDLORD.

A landlord on shares of a crop is not the owner of any part of the growing crop of the tenant, and does not become the owner until the crop is matured and divided.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1367–1378; Dec. Dig. § 326.*]

6. JUDGMENT (§ 253*)—ALLOWANCE OF INTEREST—PETITION—SUFFICIENCY.

A petition, in an action for the destruction of crops, which alleges the time of the destruction, and which prays for damages, is sufficient for the allowance of interest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

7. DAMAGES (§ 69*) — INTEREST — INSTRUCTIONS.

In an action for the wrongful destruction of growing crops, it is not error to instruct the jury to allow interest on the amount of damages found by them.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. § 69.*]

Appeal from District Court, Hill County; F. E. McKee, Special Judge.

Consolidated actions by F. L. Doke and another against the Trinity & Brazos Valley Railway Company. From judgments for plaintiffs, defendant appeals. Reversed and remanded for new trial.

See, also, 126 S. W. 1195.

Morrow & Morrow, of Hillsboro, for appellant. W. E. Spell, of Waca, and Luther Nickels, of Hillsboro, for appellees.

Statement as to the Pleadings.

JENKINS, J. This is an appeal from two cases consolidated. The first suit was filed by appellee Doke August 31, 1907, in which he sought to recover damages to a tract of land owned by him, and also for damages to crops grown on said land for the years 1905 and 1906. By amendment filed September 22, 1908, appellee Rogers was made a party to said suit; it being alleged that he was the tenant of said Doke, paying him as rental for said land one-third of the grain and one-fourth of the cotton grown on said land during said years.

The second suit was filed by said Doke and said Rogers and appellee Perkins on September 22, 1908, alleging that Doke was the owner of said land, and that Rogers was a tenant of said Doke for the year 1907, paying as rental therefor one-third of the grain and one-fourth of the cotton grown on said land for said year, and that in 1908 appellee Perkins was a tenant of said Doke, paying a like rental. This suit was for damages to said land during the years 1907 and 1908, and for damages to the crops growing on said land for said years.

All damages sued for were alleged to have been occasioned by the negligent construction of appellant's roadbed, and by the erection of an embankment, whereby it was alleged that water was caused to flow upon said land in such manner as to injure said land and the crops growing thereon. Appellees recovered judgment for $7,452.50 damages and $1,274 interest.

The contentions of appellant are (a) that all of the damage shown to have been done to the growing crops was occasioned by the overflow of Ash creek, and (b) if not all, then a portion of the same; (c) that the water was not deflected by the embankment on the right of way, but by the embankment on the McNeese land; (d) that it is not shown that appellant caused said embankment to be erected, and that, it not being on

its right of way, it is not responsible for its maintenance. Appellant also pleaded the statute of two years' limitation as to the injury to the land and as to a portion of the injury to the crop.

### Findings of Fact.

Doke was the owner of the land described in the petitions in said suits, and Rogers and Perkins were his tenants, as therein alleged.

The land alleged to have been injured was bounded on the north by Ash creek and on the south by appellant's roadbed, which ran along the foot of a hill. It is about 1,000 feet from the roadbed to the creek. The land about halfway between the roadbed and the creek is about 4 or 5 feet lower than land at the bank of the creek. Ash creek has frequently overflowed said land as far back as the knowledge of any of the witnesses extended. The building of the railroad has had no effect on the overflowing of said creek, and no damage was claimed by appellees by reason of the overflow of said creek. Appellees claim that all of the damage was done by the water which flowed upon said land from the hills to the south of the railroad. All of the water from said hills flowed upon said land before the railroad was built, but it flowed upon it in a different manner. Before said railroad was built, the most of said water flowed from the hills all along the slope of the same onto Doke's land, and did not wash the same. A portion of said water was concentrated in a draw on McNeese's land some 200 feet west of Doke's land, and this water washed a small gully on McNeese's land for a short distance north to where it encountered the higher lands sloping from Ash creek, and then turned eastward, spreading out over Doke's land without washing the same.

The building of the railroad prevents the water flowing off of the slope of the hill onto Doke's land, but causes it to flow west to said draw on McNeese's land, where it passes under the railroad through an opening left for that purpose. It is the concentration of the water at this place and its deflection onto Doke's land by means of an embankment four or five feet high and several hundred feet long that causes it to wash said land. The water thus concentrated on McNeese's land and deflected onto Doke's land has washed a ditch in Doke's land 10 to 12 feet deep, 15 to 20 feet wide, and 250 to 300 yards long. On the north side of the railroad, and on the west side of the opening under the trestle, is an embankment running north from the dump of the roadbed about 25 feet to the north side of the right of way; and from this point the embankment above referred to extends 200 or 300 feet on McNeese's land, and, perhaps, some of it on Doke's land, bending to the east, and causing the water to flow on Doke's land, and to wash the same.

### Opinion.

[1] 1. Appellant assigns as error that the judgment herein is excessive. In this we concur. The evidence, to our mind, clearly indicates that a portion, if not all, of the damage done to the land and crops of appellees by the water flowing from the hills was occasioned by the embankment referred to in the findings of fact, and situated upon the land of Leo McNeese, west of Doke's land, or, perhaps, upon both McNeese's and Doke's land. Appellee Doke testified: "My contention is that if that ditch was not there, and that embankment had not been put there, that the water would have flowed on McNeese's land. It would not now, because there is a ditch there that is too deep. It would flow on McNeese's land if you filled up the ground where it was originally. That embankment on McNeese's land is what helped that ditch to be there." Frank McNeese, a witness for plaintiffs, testified: "If the embankment was not there, the water would run on Leo McNeese's place, and then turn and run on Doke's place." Appellee Perkins testified: "This embankment caused this ditch to be put there to stop that water from going across McNeese's land. The embankment is what caused it to cut that land out. Without the embankment, it would not have cut it."

The water that came down the draw formerly ran under where the trestle now is to the north, and thence turned east on Doke's land, but did not occasion any wash on Doke's land. The embankment on the right of way, which is only about 25 feet, causes the water to run north that far; but as there was a natural depression or hollow leading thence to the north on McNeese's land it is fair to presume that but for the embankment on McNeese's land the water would continue, after leaving the right of way, to flow in the old channel or depression. This is the effect of the testimony of plaintiff's witnesses, as above quoted. And if the water would not continue to run on McNeese's land without the embankment on said land we cannot understand why such an embankment, several feet high and several hundred feet long, should have been built. The court instructed the jury that they should find for plaintiffs *only such damages as were occasioned by the embankment on the right of way.* We cannot offer to affirm this case as to the amount of damages, upon condition that appellees will remit a certain amount of the damages found by the jury, for the reason that the evidence does not indicate what proportion of said damages was caused by the embankment on appellant's right of way and what by the embankment on McNeese's land.

[2, 3] Appellant requested the following special charge, which was refused: "If you believe from the evidence that an embankment situated upon the land of Leo McNeese

diverted water flowing under the defendant's right of way, and caused an injury to the plaintiffs, or either of them, defendant would not be liable for such injuries, if any, caused by any embankment situated on Leo McNeese's land." While it was not error to refuse this charge, for the reason that it ignored the question as to whether or not such embankment was erected by appellant or those acting for it (the evidence leaves it uncertain by whom said embankment was erected), still it accentuates the fact that the verdict of the jury herein was, as it must have been under the charge, based solely upon damage caused by the dump on defendant's right of way; and appellees, in their counter proposition to the assignment of error on refusal of the court to give this charge, call attention to the fact that the court limited the jury to damages occasioned by the embankment on appellant's right of way.

2. While the verdict of the jury did not give plaintiffs quite as much damages as their testimony would have warranted, yet it did give substantially all the damages and the damages for each item, as claimed by the testimony of appellees. It is not at all clear to our minds that a considerable portion of the damage shown was not caused by the overflow of Ash creek, but, as this issue was submitted to the jury, we would hesitate to reverse the case upon this issue alone; and, as the case is to be reversed upon other issues, and as we cannot say what the testimony upon this issue will be upon another trial, we refrain from making any further comments with reference thereto.

[4, 5] 3. Appellant assigns error upon the verdict of the jury assessing $600 damage to plaintiffs Rogers and Doke's corn growing on said land in the year 1905, upon the ground that the same is barred as to Rogers by the two-year statute of limitation. We sustain this assignment of error. As set out in the findings of fact, appellee Rogers did not become a party to the suit until September 22, 1908. If Doke could recover for the damage done to the growing crops for the year 1905, it must be upon the theory that he was a joint owner with his tenant, Rogers, to the extent of one-third of the corn growing on said land. Even if this be true, he could not recover more than his interest in such crop. Waggoner v. Snoddy, 98 Tex. 516, 85 S. W. 1134. The Court of Civil Appeals of the Fifth District, in a former appeal of this case (126 S. W. 1196), seems to have held that Doke was a joint owner with his tenants in the growing crops upon his land. We cannot agree with this view of the case. The contract proven is clearly one of tenancy, and appellees allege in their petition that Rogers was the tenant of Doke. The views of this court upon this issue were expressed in the case of Curlee v. Rogan, 136 S. W. 1127, to which case, and the authorities there cited, we refer in support of our opinion

that a landlord is not the owner of any part of the growing crop of his tenant, and does not become such owner until the crop is matured and divided.

[6, 7] 4. Appellant has assigned several errors with reference to the amount of interest allowed appellees. We overrule its contention that no interest could be recovered, for the reason that interest, eo nomine, was not prayed for in the petition. The petition alleged the time of the destruction of the crops and prayed for damages, and this, in our opinion, would be a sufficient basis for allowing interest. However, we do sustain the contention of appellant that interest was allowed for more time than is justified by the evidence; but, as appellees have offered to remit such excessive interest, this would be no ground for reversing this case. We also overrule appellant's contention that the court erred in instructing the jury to allow interest upon the amount of damages found by them. Watkins v. Junker, 90 Tex. 587, 588, 40 S. W. 11.

5. In so far as it is necessary for the disposition of this case, we overrule appellant's assignments of error, except as hereinabove indicated. Some of them for the reason that they are not properly presented under the rules; some for the reason that they are not well taken; and some for the reason that the injury, if any, to appellant by reason of such error is immaterial.

As this case is reversed upon grounds other than alleged errors as to the admission or rejection of evidence, we do not pass specifically on such assignments, for the reason that the alleged errors are not likely to recur upon another trial of this case.

For the reasons hereinbefore indicated, this cause is reversed and remanded for a new trial.

Reversed and remanded.