WILLIAMS v. KING. (No. 5807.)

(Court of Civil Appeals of Texas. Austin. Oct. 24, 1917. On Motion for Rehearing, June 5, 1918. Further Rehearing Denied Oct. 23, 1918.)

1. JUSTICES OF THE PEACE ☞44(2)—JURISDICTION—AMOUNT.

In suit to recover $151.89 rent and to foreclose landlord's statutory lien on crop, that the property levied upon exceeded $200 in value would not deprive justice court of jurisdiction.

On Motion for Rehearing.

2. CHATTEL MORTGAGES ☞17—INTEREST OF MORTGAGOR.

One cannot mortgage that which he does not own, so as to create a lien thereon prior to his becoming such owner.

3. LANDLORD AND TENANT ☞326(2)—RIGHT TO GROWING CROP.

A landlord is not the owner of any part of a growing crop being raised by his tenant before it is divided, or, if there is an agreement to divide, before it is matured and ready to be divided.

4. LANDLORD AND TENANT ☞323—CROPPER'S CONTRACT—"JOINT OWNERS."

Where the one raising the crop is "a cropper on the shares," the relation of landlord and tenant does not in fact exist; the relation being that of "joint owners" of the crop.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Joint Owners.]

5. CHATTEL MORTGAGES ☞33—ON PROPERTY NOT IN ESSE.

A mortgage upon property not in esse attaches in equity as a lien or charge upon the particular property as soon as the mortgagor acquires title thereto.

6. CHATTEL MORTGAGES ☞12 — UNPLANTED CROP—VALIDITY.

A tenant may mortgage an unplanted crop, and the same will be effective as soon as he plants the crop.

7. LANDLORD AND TENANT ☞246(2)—LANDLORD'S LIEN.

Landlord has a lien on tenant's crop.

8. CROPS ☞5—SALE OF LAND.

A sale of land carries with it the crop growing thereon, in the absence of an agreement to the contrary.

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Suit in justice court by George Williams against M. M. King. Judgment for defendant, both in justice court and on appeal to county court, and plaintiff appeals. Reversed and rendered.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant. J. K. Baker, of Coleman, for appellee.

RICE, J. This suit was brought by appellant against appellee in the justice's court, precinct No. 1, for the sum of $151.89, claimed as rents for the year 1915 on a certain farm in Coleman county, and for foreclosure of landlord's lien on cotton raised thereon, which had been attached by the officer under process issued from such court. On a plea of privilege the case was transferred to justice's court, precinct No. 6, where it was tried and resulted in judgment in behalf of appellee. On appeal to the county court the case was tried before the court without a jury, who rendered judgment also in favor of appellee, from which appellant has prosecuted this appeal. The court filed his conclusions of fact and law, which are substantially as follows, to wit:

Conclusions of Fact.

On January 1, 1915, C. C. Puckett and his minor children were the owners of the farm above referred to, subject to a vendor's lien held by appellant. On said date Puckett rented said premises to appellee, King, for the year 1915, who agreed to cultivate said land and pay as rent therefor one-third of the grain and feed and one-fourth of the cotton raised by him during the current year. Thereafter, at the April term (1915) of the district court of Coleman county, appellant recovered a judgment against Puckett and his children, foreclosing his vendor's lien on the land, which lien antedated the rental contract above mentioned. King was not a party, however, to this suit. Thereafter an order of sale based on such judgment was issued and levied upon said land, and the land purchased thereunder at sheriff's sale on June 1, 1915, by appellant, and conveyance thereof duly made to him by such officer, which deed was duly filed for record in the deed records of said county.

About the 15th of June, appellant, through J. W. Gates, notified appellee that he would expect him to pay the rents on the premises, and on August 15th demanded that King should recognize him as landlord and pay him all rents to accrue for said year. King at this time informed Gates that he rented the land from Puckett, who had mortgaged the rents to Paddleford & Son and the First National Bank of Coleman, and stated that Puckett had instructed him to pay the rents to said mortgagees. At the time of the purchase of said land by appellant, and when he gave notice and demanded to be recognized as landlord, none of the cotton crop had matured, and no rents were due. It appears that King gathered during said year six bales of cotton therefrom, three of which have been levied on as above stated.

On February 25, 1915, Puckett executed two chattel mortgages on the rent cotton to be grown on said premises by King during said year, the first in favor of Paddleford & Son, to secure the payment of a note for $39.50, of even date, due October 1, 1915, and the second in favor of the First National Bank of Coleman, to secure the payment of a note of even date, for the sum of $25, due October 1, 1915, as well as any other liability or liabilities of Puckett. Each of said chattel mortgages was duly filed and registered in the county clerk's office of Coleman county, Tex., on February 25, 1915.

King never paid any of the rents for the year 1915 on said land to appellant, but paid one-fourth of all the cotton raised thereon during said year, under the instructions of Puckett, to Paddleford and the First National Bank, on an indebtedness secured by their mortgages, which payments were made after September 1, 1915; but the value of said rent cotton was not more than sufficient to pay the indebtedness secured by said mortgages to Paddleford and the First National Bank.

Conclusions of Law.

From the above statement of facts I make the following conclusions of law:

I find that the relation of landlord and tenant existed between C. C. Puckett and M. M.

King; that under the decision of Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284, the cotton raised on said land was not a part of the soil, but was personal property, liable to voluntary transfer, or incumbrance as chattels; that the landlord, Puckett, before the divestiture of his title by the foreclosure of the vendor's lien held by plaintiff, Williams, was entitled to one-fourth of the cotton raised on said premises, as rents; that, by his action in executing the chattel mortgages to D. A. Paddleford and to the First National Bank on his rents, the said rents were constructively severed from the realty, even though the crop had not matured, and the severed rents were not a part of the realty at the time of the foreclosure proceedings, and did not pass, with the purchase of the land, to the plaintiff, Williams; that, the value of said rents not having exceeded the amounts due on the indebtedness secured by said chattel mortgages, the rents were liable for the payment of the indebtedness secured by said chattel mortgages, and the defendant, having delivered the rents to the mortgagees, is not liable in this action.

This ruling and judgment of the court is assailed by appellant in several assignments of error, all of which are overruled by us, for the reason that we conclude that the court correctly determined the law as above outlined. See Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Security Mortgage & Trust Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; Kreisle v. Wilson, 148 S. W. 1132.

[1] Appellee moved to dismiss this suit for want of jurisdiction, on the ground that the property levied upon exceeded $200 in value. If this had been a suit to foreclose a mortgage lien, appellee's contention would have been correct; but, being a suit to foreclose a statutory lien, the rule is different, for which reason we overrule the motion. See Manire v. Wilkinson et al., 136 S. W. 1152, and authorities there collated and discussed.

Believing that the judgment of the court is in all things correct, it is affirmed.

### On Motion for Rehearing.

JENKINS, J. [2, 3] The effect of our former decision herein is to hold that a mortgage by a landlord on a rent crop not planted severs such crop from the realty when it comes into existence, though not matured, and the rent is not yet due. In this, we think, we were in error. One cannot mortgage that which he does not own, so as to create a lien thereon prior to his becoming such owner. A landlord is not the owner of any part of a growing crop being raised by his tenant before it is divided, or, if there is an agreement to divide, before it is matured and ready to be divided. Railway Co. v. Doke, 152 S. W. 1174; Curlee v. Rogan, 136 S. W. 1127; 6 Cyc. 1048; 11 C. J. 431.

[4] An apparent exception to this rule is where the party raising the crop is "a cropper on the shares." But the exception is only apparent, for in such case the relation of landlord and tenant does not in fact exist, but the so-called landlord and tenant are joint owners of the crop, the owner of the land furnishing the land, and perhaps other things, and the so-called tenant furnishing the labor for the enterprise, in which each by the force of their agreement owns the interest agreed upon from the time the crop is planted. Curlee v. Rogan, supra; Miles v. Dorn, 40 Tex. Civ. App. 298, 90 S. W. 707; Rentfrow v. Lancester, 10 Tex. Civ. App. 321, 31 S. W. 229. In the instant case there is no question as to "cropper on the shares." The court before whom the case was tried found that King was the tenant of Puckett, and the evidence sustains this finding.

[5] There is a seeming exception to the rule that one cannot create a lien on property which is not in esse, or which he does not own, and that is:

If one executes a mortgage upon such property "it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor [mortgagor] acquires a title thereto, against the latter and all persons asserting a claim thereto under him." Richardson v. Washington, 88 Tex. 339, 31 S. W. 614.

Observe the language, "As soon as he acquires title thereto," but not sooner. In the instant case Puckett never acquired title to any part of the cotton raised by King, his tenant, for the reason that the land was sold June 1, 1915, at sheriff's sale, before the cotton matured.

[6, 7] A tenant may mortgage an unplanted crop, and the same will be effective as soon as he plants the crop, for the reason that he then becomes the owner thereof. A landlord has a lien on such crop for rents and advances, but until the crop is matured and partitioned he has no ownership therein.

[8] The sale of land carries with it the crops growing thereon, in the absence of an agreement to the contrary. Porter v. Sweeney, 61 Tex. 213; Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572; Shultz v. Sprain, 1 White & W. Civ. Cas. Ct. App. § 916. The sale being a forced sale, Puckett had no power to reserve the growing crop, and did not attempt to do so. Appellee cites the cases of Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284, and Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591. These cases are not in point, for the reason that in those cases the relation of landlord and tenant did not exist. In Willis v. Moore, 59 Tex. 633, the court said:

"There might be some difficulty in determining the true relation which existed between Lewis Moore and J. A. Gill, under the agreement of date December 24, 1877; but it is treated by appellant's counsel as a partnership, in which, for their mutual benefit, the land was cultivated by the latter, the material for that purpose being in part furnished by each, the net proceeds to be equally divided between them. This is probably the true relationship of the parties, rather than that they were landlord and tenant, and we will so consider them in disposing of the case."

In the case of Silberberg v. Trilling the only question decided was that one could mortgage a crop upon his homestead, and that such mortgage will sever the crop from the realty, and thereby render it subject to

mortgage. Here it was the owner of both the crop and the land who executed a mortgage. But a mortgage of a growing crop by one who has no ownership therein will not sever it from the realty.

For the reason stated, the motion for a rehearing is granted, our former judgment herein is set aside, the judgment of the court below is reversed, and judgment is here rendered for appellant.

Reversed and rendered.