MILLINGAR et ux. v. FOSTER. (No. 1256—5283.)

Commission of Appeals of Texas, Section A. June 5, 1929.

V. H. Blocker, of Hondo, and Jas. D. Crenshaw, of San Antonio, for plaintiffs in error.

Briscoe & Morris, of San Antonio, and David C. Brown, of Devine, for defendant in error.

HARVEY, P. J. In this case, the plaintiff in error, Lillian R. Millingar, joined by her husband, D. C. Millingar, recovered a judgment for rent against the defendant in error, Robert Foster. The Court of Civil Appeals reversed that judgment, and rendered judgment for Foster. The Millingars applied for a writ of error on the ground that the decision of the Court of Civil Appeals is in conflict with the decision of the Court of Civil Appeals for the Third District in the case of Williams v. King, 206 S. W. 106, and in the case of Brod v. Guess, 211 S. W. 299. The writ of error was granted by the Supreme Court on the ground of this conflict.

The material facts are, substantially, as follows:

In the year 1922, C. M. Thompson owned a certain tract of land in Medina county. He had previously executed a mortgage on said land. The mortgage was duly of record. On October 14, 1922, the mortgagee filed suit in the District Court of Medina county, against Thompson, for the foreclosure of said mortgage lien. Judgment foreclosing the lien was duly rendered against Thompson in said suit, on November 7, 1922. About a month later, Thompson rented the land to Foster for the year 1923. According to the rental contract, which was oral, Thompson was to receive, as rent for the land, one-fourth of all crops raised by Foster on the land during the year 1923. Thompson was indebted to Foster in a large sum, which was past due. At the time the rental contract was made, it was orally agreed by the parties that Foster should sell the crops when gathered and apply the proceeds of Thompson's share as payments on the latter's said indebtedness to Foster. In the early part of the year of 1923, Foster planted the land to cotton, which he cultivated and grew to maturity. When the crop was matured in the fall, he gathered and sold it, and applied one-fourth of the proceeds as payments on Thompson's indebtedness to him, as had been agreed. In the meantime, on May 1, 1923, after the crop had been planted, the land was duly sold under an order of sale issued on the judgment of foreclosure which had been rendered against Thompson on November 7, 1922. Mrs. Millingar purchased the land at such sale, and a deed therefor was at once executed to her by the sheriff. Basing her claim on this conveyance of the land to her, Mrs. Millingar seeks to recover of Foster the rents accruing on said land during the year 1923.

It was decided in the Williams-King Case and in the Brod-Guess Case, in effect, that where the landlord is to receive, as rent, a portion of the crops to be grown by the tenant on the rented premises, he has no such interest in the crops, while same remain unharvested, as is severable from the land. In the instant case the decision of the Court of Civil Appeals for the Fourth District is to the contrary effect.

The decision of the latter court is correct. It is settled that annual crops growing on mortgaged land do not pass to the purchaser of the land at the foreclosure sale, if the mortgagor has previously severed the crops from the land, either actually or constructively. Willis v. Moore, 59 Tex. 638, 46 Am. Rep. 284. With like effect, the claim for rent which the mortgagor, as landlord, holds

against his tenant to whom he has let the mortgaged land for the year, whether such claim be payable in money (Security Mortgage & Trust Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835, writ refused), or whether it be payable in kind from the crops to be grown by the tenant (Bowyer v. Beardon, 116 Tex. 337, 291 S. W. 219), may be assigned by the mortgagor; and such assignment operates as a constructive severance from the land, of all the rights which appertain to such rent claim.

■ It is quite true, as contended by the plaintiffs in error, that under a mere letting contract, where the rent is payable in kind from the crops to be grown, the landlord does not become the owner of any portion of the crops until such portion is segregated and delivered to him; but it is equally true that he has the fixed right to become the owner when the time for segregation and delivery arrives. To secure this right he holds the landlord's lien. Texas & P. Ry. Co. v. Bayliss, 62 Tex. 570. The hypothecation of his interest in the crops effects an assignment of these rights which are thereby severed from the land. Bowyer v. Beardon, supra; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598.

■ The agreement between Thompson and Foster, respecting the sale of the rent cotton, and the application of the proceeds, constituted an assignment by Thompson of his rent claim, as collateral security for his indebtedness to Foster. By this assignment the rent claim, and all rights appertaining thereto, were severed from the land; and same did not pass with the land, at the foreclosure sale, to Mrs. Millingar.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for Foster be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.